Golden, Appellant, *v.* The Dow Drug Co. et al., Appellees.

(No. 7233—Decided May 1, 1950.)

*Mr. Robert G. McIntosh,* for appellant.

*Messrs. Merland, O'Meara, Santen & Willging* and *Messrs. Rendigs, Fry & Kiely,* for appellee Dow Drug Company.

*Mr. Don Burkholder,* for appellee Charles G. Mullane.

*Per Curiam.* The appellant contends that the court erred in refusing to give a special charge defining the duty of an occupier of premises abutting on a public sidewalk and ending with the statement that "if a potentially dangerous condition is created or negligently maintained, such occupier is liable in damages to a pedestrian."

The court was justified in refusing to give this charge for the following reasons:

(1) It is an abstract statement which a court may always properly refuse to give.

(2) The mere creation or maintenance of a condition "potentially" dangerous without reference to any other consideration would not create a liability.

(3) The special charge entirely omits the requirement of proximate cause.

Appellant contends also that the court erred in refusing to give another special charge which was not subject to the objection of being abstract, but which

contained the other objectionable features of the first charge.

Appellant contends also that the court should not have submitted the issue of contributory negligence. This incident took place in midday. The door adjoining the sidewalk was in full view. It was there to furnish ingress and egress to the room. Can it be said that a reasonably careful person would not have anticipated that it would be used and taken that into consideration in passing? We do not think so. Whether an ordinarily careful person would have anticipated the opening of the door or the exit of a person, and guarded against a collision, it seems to us was for the jury to determine.

We are of the opinion that the issues were fairly submitted to the jury and that no prejudicial error intervened.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur.